UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| BOBBY JOE AYALA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 13-83-KKC |
| ) | |
| v. ) | |
| ) | |
| K. EDENFIELD, Warden, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Bobby Joe Ayala is an individual confined at the United States Penitentiary in Pollock, Louisiana. Proceeding without counsel, Ayala has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit against his federal sentence for time served in state custody pursuant to Willis v. United States, 428 F.2d 923 (5th Cir. 1971). [R. 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; Alexander v. Northern Bureau of Prisons, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Ayala's petition under a more lenient standard because he is not represented by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Burton v. Jones, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims

are liberally construed in his favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because the Bureau of Prisons has properly calculated his sentence.

On October 3, 2007, Ayala was arrested by state police in Clay County, Texas, following a high-speed car chase during which Ayala threw a revolver and a plastic bag containing methamphetamine from the vehicle. Ayala was taken into state custody as a result of this conduct and on a warrant for violating the terms of his parole.

On January 23, 2008, Ayala was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Northern District of Texas. Pursuant to a written agreement, on March 3, 2008, Ayala agreed to plead guilty to the charges. On June 24, 2008, Ayala was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum, and was sentenced to a cumulative term of 84 months imprisonment to be served concurrently with his Texas sentences. United States v. Ayala, No. 7:08-CR-01-O-1 (N.D. Tex. 2008). Ayala remained in Texas state custody until he was paroled from his revocation term on June 4, 2009. [R. 12-6, p. 2]

In his petition, Ayala expressly acknowledges that the time he spent in state custody from the date of his arrest by state police on October 3, 2007, to the date his federal sentence was imposed on June 24, 2008, was fully credited against his state parole revocation sentence. [R. 4, p. 7] Nonetheless, he contends that he is also entitled to have this time credited against his federal sentence pursuant to Willis. [R. 4, pp. 1, 7]

In denying this request, the Bureau of Prisons noted that 18 U.S.C. § 3585(b) does not permit time spent in custody prior to the imposition of the sentence to be credited against the federal sentence if that time has been credited against another sentence. Because this time had already been credited against Ayala's state parole revocation sentence, § 3585(b) did not permit also counting that time against his federal sentence. [R. 12-6, p. 4] The BOP further determined that the facts of Ayala's case did not fit within Willis' exception to 3585(b)'s prohibition against "double credit." [R. 12-6, p. 8]

The BOP properly concluded that § 3585(b) does not permit the time period from October 3, 2007, to June 24, 2008, to be credited against his federal sentence, as it was already credited against his state parole revocation sentence. The Supreme Court has made clear that under § 3585(b) "a defendant [can] not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 335 (1992); see also Broadwater v. Sanders, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Notwithstanding the express terms of the statute, by administrative regulation the BOP does permit "Willis time credits," an exception to the prohibition against "double credit," under narrow circumstances. Where a prisoner is subject to a federal sentence and a state sentence, running concurrently, and the federal sentence will run longer than the state sentence, the BOP will credit the prisoner's sentence with any time spent in non-federal presentence custody that began after the federal offense is committed, up until the prisoner began service of either the federal or non-federal sentence. Program Statement 5880.28; Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993). Because Texas applied the time Ayala spent in state custody from October

3, 2007, forward against his parole revocation sentence, Ayala began serving his state sentence on that date, and therefore no additional credit under Willis was warranted.  BOP Program Statement 5880.28, Sentence Computation Manual, p. 1-22; see generally United States v. Burks, 2009 WL 1664368, at *2 (E.D. Mich. June 15, 2009); Cotton v. Dewalt, 2009 WL 720894, at *2 (E.D. Ky. Mar. 16, 2009).

Accordingly, IT IS ORDERED that:

1. Ayala's petition for a writ of habeas corpus [R. 4] is DENIED.

2. The Court will enter an appropriate judgment.

3. This matter is STRICKEN from the docket.

This the 31st day of May, 2013.

Signed By:

_Karen K. Caldwell_   KKC

United States District Judge